UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PACIFIC MERCHANT SHIPPING
ASSOCIATION, a California Mutual
Benefit Corporation,

        Plaintiff,

   v.

CATHERINE E. WITHERSPOON, in
her official capacity as
Executive Officer of the
California Air Resources Board,

        Defendant.

NO. CIV. S-06-2791 WBS KJM

ORDER RE: MOTIONS TO INTERVENE

----oo0oo----

        Plaintiff Pacific Merchant Shipping Association ("PMSA") brought this suit to enjoin the adoption and enforcement of 13 C.C.R. § 2299.1 and 17 C.C.R. § 93118, and to obtain a declaration that those regulations are preempted by federal law and/or unconstitutional.

        Plaintiff elected to bring this suit only against defendant Witherspoon, in her capicity as Executive Officer of

1

the California Air Resources Board ("CARB"), which has adopted and has the responsibility of enforcing the assailed regulations. Plaintiff seeks no relief from the Natural Resources Defense Council, Inc. ("NRDC"), the Coalition for Clean Air, Inc. ("CCA")[1]; the South Coast Air Quality Management District ("SCAQMD"); or the City of Long Beach ("Long Beach").  Indeed, it would be difficult to construe the complaint as drafted to even state a claim upon which relief could be granted as against any of those parties.  Nevertheless, each of those parties now seek to also be sued in this action.

Plaintiff bases this suit on four claims: 1) preemption by Title II of the Clean Air Act, 42 U.S.C. §§ 7521 et seq.; 2) preemption by the Submerged Lands Act, 43 U.S.C. §§ 1301 et seq.; 3) preemption by the Ports and Waterways Safety Act, 46 U.S.C. §§ 3701 et seq.; and 4) violation of the Commerce Clause of the United States Constitution, Art. I, Sec. 8, cl. 3. (Compl.)

A party may intervene as a matter of right if the party seeking to intervene can demonstrate that "(1) it has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest."  Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998) (citing Cabazon Band

---

[1]   The NRDC and CCA filed a single motion jointly, and will therefore be referred to jointly as NRDC/CCA.

of Mission Indians v. Wilson, 124 F.3d 1050, 1061 (9th Cir. 1997), cert. denied, 524 U.S. 926 (1998)); Fed. R. Civ. P. 24(a). Alternatively, permissive intervention may be granted under Rule 24(b) when: (1) there is an independent ground for jurisdiction; (2) the motion to intervene is timely; and (3) the movant's claim or defense and the main action have "a question of law and fact in common." Venegas v. Skaggs, 867 F.2d 527, 529 (9th Cir. 1989); Fed. R. Civ. P. 24(b).  Ultimately, in determining whether intervention is appropriate, courts are to be "guided primarily by practical and equitable considerations." Donnelly, 159 F.3d 409; United States v. Stringfellow, 783 F.2d 821, 826 (9th Cir. 1986).

All three proposed intervenors have highlighted for the court specific ways in which their interests diverge from CARB's. Cf. Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir. 2001) (remarking that courts should "take all well-pleaded nonconclusory allegations in the motion to intervene . . . as true absent sham, frivolity or other objections"). See also Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1490 (9th Cir. 1995).  Accordingly, the court will grant all three motions. See United States v. Washington, 86 F.3d 1499, 1503 (9th Cir. 1996) (noting that courts should "generally interpret the requirements broadly in favor of intervention").

The court would have allowed movants to participate as amicus curiae, but they each stated that was insufficient and they preferred to be sued as defendants. The court will consider their request to be joined as defendants as a waiver of any

subsequent claim that they are improperly named as defendants in this case. By becoming defendants, they submit themselves to the jurisdiction of this court and become bound by all of its orders and any final judgment that may be entered against them.

Allowing the movants to intervene does not, however, expand the issues or scope this suit. Plaintiff's concern that allowing the proposed intervenors into the case will result in burdensome discovery or delay the progress of the case can be handled by objections to discovery requests which are unduly burdensome or fall outside the scope of the issues in this case. To facilitate the parties' efforts to keep the discovery and pretrial procedures in tow, the court will implement the following special abbreviated procedure for all discovery motions in this case.

IT IS THEREFORE ORDERED that the motions to intervene filed by the NRDC/CCA, SCAQMD, and the City of Long Beach be, and the same hereby are, GRANTED. Each of said parties is now joined as a defendant in this action for all purposes.

IT IS FURTHER ORDERED that, notwithstanding the local rules, all discovery motions in this case shall be noticed for hearing on five court days notice before the undersigned judge. The provisions of Local Rule 37-251 shall not apply. All such motions shall be no more than <u>five</u> <u>pages</u> in length. Such motions may be noticed for hearing at 8:30 a.m. on any court day except

///
///
///
///

4

1 Mondays.  All opposition to such motions shall be oral.
2 DATED:  April 3, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE