1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PACIFIC MERCHANT SHIPPING
ASSOCIATION, a California
Mutual Benefit Corporation,

        Plaintiff,

   v.

CATHERINE E. WITHERSPOON,
in her official capacity as
Executive Officer of the
California Air Resources
Board; Natural Resources
Defense Council, Inc. (NRDC)/
Coalition for Clean Air, Inc.
(CCA); South Coast Air Quality
Management District (SCAQMD);
and the City of Long Beach
(Long Beach),

        Defendants.

NO. CIV. S-06-02791 WBS KJM

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Scheduling Conference Report and Supplemental Joint Scheduling Conference Report, and ascertaining that no Early Dispositive Motions have been filed by February 28, 2007 as stated in the Report, the

court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for May 7, 2007, and makes the following findings and orders without needing to consult with the parties any further:

### I. SERVICE OF PROCESS

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown under Fed. R. Civ. P. 16(b).

### II. JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown under Fed. R. Civ. P. 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

### III. JURISDICTION/VENUE

Jurisdiction in this matter arises under the Constitution and laws of the United States, including Article I, §8, cl. 3 (Commerce Clause), Article III, § 2, cl.1 (Admiralty Clause), and Article VI, §1 cl. 2 (Supremacy Clause) of the Constitution; the Submerged Lands Act, 43 U.S.C. §§ 1301 et seq. § 209(e)(2)(A) of Clean Air Act, 42 U.S.C. § 7543(e)(2)(A); and Title II of the Ports and Waterways Safety Act, 46 U.S.C. § 3701, et seq. The parties agree that this court has original jurisdiction over the case pursuant to the federal question, maritime and admiralty, and commerce regulation jurisdictional statutes, 28 U.S.C. §§1331, 1333, and 1337. Venue is undisputed and is hereby found to be proper.

### IV. DISCOVERY

Each party will serve the initial disclosures required by Fed. R. Civ. P. 26 (a)(1) by no later than May 11, 2007.

1    Plaintiff shall disclose experts and produce reports
2 in accordance with Fed. R. Civ. P. 26(a)(2) by no later than
3 October 15, 2007.
4    Defendants shall disclose experts and produce reports
5 in accordance with Fed. R. Civ. P. 26(a)(2) by no later than
6 October 31, 2007.
7    With regard to expert testimony intended solely for
8 rebuttal, those experts shall be disclosed and reports produced
9 in accordance with Fed. R. Civ. P. 26(a)(2) on or before
10 November 16, 2007.
11    All discovery, including depositions for preservation
12 of testimony, is left open, save and except that it shall be so
13 conducted as to be completed by October 31, 2007 for non-expert
14 discovery and by March 31, 2008 for expert discovery.  The word
15 "completed" means that all discovery shall have been conducted
16 so that all depositions have been taken and any disputes
17 relevant to discovery shall have been resolved by appropriate
18 order if necessary and, where discovery has been ordered, the
19 order has been obeyed.  All motions to compel discovery must be
20 noticed on the magistrate judge's calendar in accordance with
21 the local rules of this court and so that such motions may be
22 heard (and any resulting orders obeyed) not later than October
23 31, 2007 for non-expert discovery and by March 31, 2008 for
24 expert discovery.
25         V.   MOTION HEARING SCHEDULE
26    All motions, except motions for continuances,
27 temporary restraining orders or other emergency applications,
28 shall be filed on or before May 16, 2008.  All motions shall be

3

noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

        VI.  <u>FINAL PRETRIAL CONFERENCE</u>

The Final Pretrial Conference is set for August 11, 2008 at 2:00 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 16-281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

4

      VII.  <u>TRIAL SETTING</u>

The trial is set for October 7, 2008 at 9:00 a.m. in Courtroom No. 5.

      VIII.  <u>SETTLEMENT CONFERENCE</u>

A Settlement Conference will be set at the time of the Pretrial Conference.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge. If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

      IX.  MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the dates of the final Pretrial Conference or trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the dates of the Pretrial Conference and/or trial shall be heard and decided only by the undersigned judge.

DATED: April 23, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE