Erich P. Wise/State Bar No. 63219
Nicholas S. Politis/State Bar No. 92978
Aleksandrs E. Drumalds/State Bar No. 237101
FLYNN, DELICH & WISE LLP
One World Trade Center, Suite 1800
Long Beach, California 90831-1800
Telephone: (562) 435-2626
Facsimile: (562) 437-7555

James B. Nebel/State Bar No. 69626
Conte C. Cicala/State Bar No. 173554
FLYNN, DELICH & WISE LLP
One California Street, Suite 350
San Francisco, California
Telephone: (415) 693-5566
Facsimile: (415) 693-0410

Attorneys for Plaintiff
PACIFIC MERCHANT SHIPPING ASSOCIATION,
a California Mutual Benefit Corporation

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| | |
|---|---|
| PACIFIC MERCHANT SHIPPING ASSOCIATION, a California Mutual Benefit Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CATHERINE E. WITHERSPOON, in her official capacity as Executive Officer of the California Air Resources Board,<br><br>Defendant,<br><br>NATURAL RESOURCES DEFENSE COUNCIL, INC., COALITION FOR CLEAN AIR, INC., SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT, and CITY OF LONG BEACH,<br><br>Defendants-Intervenors. | CASE NO.: 2:06-CV-02791-WBS-KJM<br><br>PLAINTIFF PACIFIC MERCHANT SHIPPING ASSOCIATION'S RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANTS-INTERVENORS NATURAL RESOURCES DEFENSE COUNCIL, INC. AND COALTION FOR CLEAN AIR, INC. (FIRST SET)<br><br>Judge: Hon. William B. Shubb |

1

| | |
|---|---|
| PROPOUNDING PARTY: | Defendants-Intervenors NRDC and Coalition for Clean Air |
| RESPONDING PARTY: | Plaintiff PACIFIC MERCHANT SHIPPING ASSOCIATION |
| SET NUMBER: | One |

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Do you contend that the Submerged Lands Act, 43 U.S.C. Sec. 1301, *et seq.*, actually conflicts with 13 CCR Sec. 2299.1 and/or 17 CCR Sec. 93118? If so, state all facts and identify all documents on which this contention is based.

**RESPONSE TO INTERROGATORY NO. 1:**

Yes. 13 CCR §2299.1 and 17 CCR §93118 regulate emissions from vessels outside of the territorial limits of the State of California as established by the Submerged Lands Act. Plaintiff's contention in this regard is more fully set forth in Plaintiff's Memorandum of Points and Authorities filed on May 7, 2007, in support of its motion for summary judgment. This contention is based on the regulations and the statute.

//

//

//

2

PLAINTIFF PACIFIC MERCHANT SHIPPING ASSOCIATION'S RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANTS-INTERVENORS NATURAL RESOURCES DEFENSE COUNCIL, INC. AND COALTION FOR CLEAN AIR, INC. (FIRST SET)

**INTERROGATORY NO. 2:**

Do you contend that the Clean Air Act, 42 U.S.C. Sec. 7251, *et seq.*, actually conflicts with 13 CCR Sec. 2299.1 and/or 17 CCR Sec. 93118? If so, state all facts and identify all documents on which this contention is based.

**RESPONSE TO INTERROGATORY NO. 2:**

Yes. The regulations impose emissions standards on vessel non-road engines and have been adopted and enforced without EPA approval. This is in contravention of the requirements of 42 U.S.C. §7345(e)(2)(A). This contention is based on the statute and the regulations as more fully set forth in Plaintiff's Memorandum of Points and Authorities filed on May 7, 2007, in support of its motion for summary judgment.

**INTERROGATORY NO. 3:**

State all facts and identify all documents upon which the following statement from the "Global Green" section of your website is based: "All PMSA members are in compliance with new California Air Resources Board (CARB) regulations requiring the use of low-sulfur diesel fuel in vessels in California waters."

//
//
//
//

3

PLAINTIFF PACIFIC MERCHANT SHIPPING ASSOCIATION'S RESPONSE TO
INTERROGATORIES PROPOUNDED BY DEFENDANTS-INTERVENORS NATURAL
RESOURCES DEFENSE COUNCIL, INC. AND COALTION FOR CLEAN AIR, INC. (FIRST SET)

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
One World Trade Center, Suite 1800
Long Beach, California 90831-1800
(562) 435-2626

**RESPONSE TO INTERROGATORY NO. 3:**

Objection, vague and ambiguous, overbroad, burdensome and not calculated to discover admissible evidence. Without waiving such objections, this statement is based on the understanding of the PMSA staff from word of mouth comments that the members are complying and CARB's public statements that all vessels inspected since implementation of the regulations have been in compliance with the regulations and on the lack of any evidence that any vessels have failed to comply. See statement of Cynthia Marvin, Planning and Technical Support Division Assistant Division Chief to the California Air Resources Board, on agenda item 07-4-5, April 26, 2007, at page 273 of the transcript of the CARB meeting of that date, http://www.arb.ca.gov/board/mt/2007/mt042607.txt.

**INTERROGATORY NO. 4:**

State all facts and identify all documents upon which the following statement from the "Global Green" section of your website is based: "Voluntary participation in the Southern California vessel speed reduction program began in May 2001."

**RESPONSE TO INTERROGATORY NO. 4:**

This statement is based on the experience of PMSA staff with vessel compliance and monitoring by the Ports of Long Beach and Los Angeles, statements by the Ports of Los Angeles and Long Beach regarding compliance with the vessel speed reduction program, and the PMSA's participation in the initial drafting and

4

PLAINTIFF PACIFIC MERCHANT SHIPPING ASSOCIATION'S RESPONSE TO
INTERROGATORIES PROPOUNDED BY DEFENDANTS-INTERVENORS NATURAL
RESOURCES DEFENSE COUNCIL, INC. AND COALTION FOR CLEAN AIR, INC. (FIRST SET)

implementation of the Memorandum of Understanding entered into by multiple parties, including the PMSA, Ports of Los Angeles and Long Beach, the California Air Resources Board, the South Coast AQMD, and the U.S. Environmental Protection Agency, dated March 1, 2001, with respect to the program. The relevant documents are the March 1, 2001, MOU, the Navigational Alert issued by the Ports of Los Angeles and Long Beach before May 1, 2001, and the letter from Barry Wallerstein, dated , confirming SCAQMD's execution of the MOU, all attached as Exhibit 1 to PMSA's Responses to Requests For Production, served herewith.

**INTERROGATORY NO. 5:**

State the number of calls to California ports made by ships owned or controlled by PMSA members from 2000 through and including 2006.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection, vague, ambiguous, overbroad and burdensome, and not reasonably calculated to obtain information relevant to the issues in this case. Without waiving such objections, PMSA does not have precise numbers of vessel calls in California by its members between 2000 and 2006, but estimates that the number of such visits exceeds 15,000.

**INTERROGATORY NO. 6:**

Do you contend that it is technically infeasible for PMSA members to comply with 13 CCR Sec. 2299.1 and/or 17 CCR Sec. 93118? If so, state all facts and identify all documents on which this contention is based.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection, vague and ambiguous, overbroad and burdensome and not calculated to adduce relevant evidence. Without waiving these objections and subject to them, PMSA does not so contend with respect to compliance with the regulations to date insofar as they establish standards measured by emissions equivalent to those levels achieved by the use of the fuels described in subsection (e)(1)(a) of the regulations. The future technical feasibility of compliance to and including December 31, 2009, depends on the continued availability of the fuels described in subsections e(1)(a) of the regulations. In the event that such fuels become unavailable, it will not be technically feasible to comply with the regulations unless and until CARB establishes alternative compliance methods that take into account the unavailability of such fuel and/or safe cold ironing becomes available at each berth and for each vessel subject to the regulations. With respect to the regulations effective as of January 1, 2010, it is unknown whether it will be technically feasible to comply with the regulations because: 1) It is unknown whether marine diesel fuel or marine gas oil with a sulfur content of 1000 ppm or

6

PLAINTIFF PACIFIC MERCHANT SHIPPING ASSOCIATION'S RESPONSE TO
INTERROGATORIES PROPOUNDED BY DEFENDANTS-INTERVENORS NATURAL
RESOURCES DEFENSE COUNCIL, INC. AND COALTION FOR CLEAN AIR, INC. (FIRST SET)

less will be available in sufficient quantities to comply with the regulation by that date; 2) cold ironing of ships is not available or safe for all vessels or at all berths in California and is not likely to become so in the foreseeable future; and 3) alternate engine technology to comply with the regulations is not available. <u>CARB Staff Report: Initial Statement of Reasons for Proposed Rulemaking</u> ("ISOR"), Oct. 2005, Appendix I, http://www.arb.ca.gov/regact/marine2005/appi.pdf; <u>California Air Resources Board, Final Statement of Reasons</u>, ("FSOR"), pp. 33-35, http://www.arb.ca.gov/regact/marine2005/fsor.pdf; California Air Resources Board, <u>Evaluation of Cold-Ironing Ocean Going Vessels at California Ports</u>, rhttp://arbis.arb.ca.gov/msprog/offroad/marinevess/documents.htm; Presentations made at the <u>Clean Ships Conference</u> at San Diego, California, February 7, 2007, sponsored by, among others, Pacific Merchant Shipping Association, U.S. Environmental Protection Agency, U.S. Maritime Administration, California Air Resources Board, Port of Los Angeles, Port of Long Beach, and the South Coast Air Quality Management District, agenda and links to presentations available at http://www.cleanshipsconference.com/agenda.html.

**INTERROGATORY NO. 7:**

Do you contend that it is financially infeasible for PMSA members to comply with 13 CCR Sec. 2299.1 and/or 17 CCR Sec. 93118? If so, state all facts and identify all documents on which this contention is based.

PLAINTIFF PACIFIC MERCHANT SHIPPING ASSOCIATION'S RESPONSE TO
INTERROGATORIES PROPOUNDED BY DEFENDANTS-INTERVENORS NATURAL
RESOURCES DEFENSE COUNCIL, INC. AND COALTION FOR CLEAN AIR, INC. (FIRST SET)

**RESPONSE TO INTERROGATORY NO. 7:**

Objection, vague and ambiguous, overbroad and burdensome and not calculated to adduce admissible evidence. Without waiving these objections and subject to them, at present, no. With respect to future compliance with the regulations, unknown for the reasons stated in response to Interrogatory No. 6.

**INTERROGATORY NO. 8:**

Do you contend that any member of PMSA has suffered any adverse financial effect as a result of complying with 13 CCR Sec. 2299.1 and/or 17 CCR Sec. 93118? If so, state all facts and identify all documents on which this contention is based.

**RESPONSE TO INTERROGATORY NO. 8:**

Yes. The cost of low sulfur diesel fuel used by PMSA members to comply with the regulations is higher than the residual diesel fuel available for use in the auxiliary diesel engines and diesel electric engines of its members. <u>CARB Staff Report: Initial Statement of Reasons for Proposed Rulemaking</u> ("ISOR"), Oct. 2005, Appendix J, at http://www.arb.ca.gov/regact/marine2005/appj.pdf; <u>California Air Resources Board, Final Statement of Reasons</u>, ("FSOR") at pp. 64-65, http://www.arb.ca.gov/regact/marine2005/fsor.pdf; Fuel price information from Bunkerworld.com, for selected Ports on the continents of North and South America; Asia, and Europe, and for various ports in the Middle East,

8

PLAINTIFF PACIFIC MERCHANT SHIPPING ASSOCIATION'S RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANTS-INTERVENORS NATURAL RESOURCES DEFENSE COUNCIL, INC. AND COALTION FOR CLEAN AIR, INC. (FIRST SET)

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
One World Trade Center, Suite 1800
Long Beach, California 90831-1800
(562) 435-2626

http://www.bunkerworld.com/markets/prices/.   See Exhibit 2 to Responses to Requests for Production of Documents.

Dated: June 4, 2007                               Flynn, Delich & Wise LLP

                                                  By: _____
                                                      Erich P. Wise
                                                      Attorneys for Plaintiff
                                                      PACIFIC MERCHANT SHIPPING
                                                      ASSOCIATION

9

PLAINTIFF PACIFIC MERCHANT SHIPPING ASSOCIATION'S RESPONSE TO
INTERROGATORIES PROPOUNDED BY DEFENDANTS-INTERVENORS NATURAL
RESOURCES DEFENSE COUNCIL, INC. AND COALTION FOR CLEAN AIR, INC. (FIRST SET)

## VERIFICATION

I, JOHN R. McLAURIN, declare:

That I am President of Pacific Merchant Shipping Association ("PMSA"), the plaintiff in the foregoing proceeding, and as such am authorized to make this verification for and on its behalf. I have read the attached Plaintiff Pacific Merchant Shipping Association's Response To Interrogatories Propounded By Defendants-Intervenors Natural Resources Defense Council, Inc. And Coalition For Clean Air, Inc. (First Set), and based on knowledge, information and belief, the information provided is true and correct.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this Verification was executed on this 4th day of June, 2007, at San Francisco, California.

_____
JOHN R. McLAURIN

-1-

PLAINTIFF PACIFIC MERCHANT SHIPPING ASSOCIATION'S RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANTS-INTERVENORS NATURAL RESOURCES DEFENSE COUNCIL, INC. AND COALTION FOR CLEAN AIR, INC. (FIRST SET)

Case 2:06-cv-02791-WBS-KJM    Document 65-9    Filed 06/13/07    Page 11 of 12

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is One World Trade Center, Suite 1800, Long Beach, CA 90831. On June 4, 2007, I served the foregoing document described as **PLAINTIFF PACIFIC MERCHANT SHIPPING ASSOCIATION'S RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANTS-INTERVENORS NATURAL RESOURCES DEFENSE COUNCIL, INC. AND COALITION FOR CLEAN AIR, INC. (FIRST SET)** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]    (By Mail): I deposited such envelope in the mail at Long Beach, California. The envelope was mailed with postage thereon fully prepaid.

[ ]    (By Facsimile Transmission): I caused such document to be transmitted to the addressee(s) facsimile number noted above. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as complete and without error.

EXECUTED ON June 4, 2007, at Long Beach, California.

[X]    (Federal): I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Angie Lopez

## MAILING LIST
### *PMSA v. Witherspoon*
### USDC Case No. 2:06-CV-02791-WBS-KJM

| | |
|---|---|
| Nicholas Stern<br>Deputy Attorney General<br>OFFICE OF THE ATTORNEY GENERAL<br>1300 I Street, Suite 125<br>P.O. Box 944255<br>Sacramento, CA 94244-2550<br>Telephone: (916) 323-3840<br>Facsimile: (916) 327-2319<br>Nicholas.stern@doj.ca.gov;<br>Laurie.nunez@doj.ca.gov | Attorneys for Defendant CATHERINE E. WITHERSPOON |
| Kurt R. Wiese, District Counsel<br>Barbara B. Baird, Principal Dep. District Counsel<br>Michael Harris, Sr., Deputy District Counsel<br>DISTRICT COUNSEL<br>SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT<br>21865 E. Copley Drive<br>Diamond Bar, CA 91765-0940<br>Telephone: (909) 396-3535<br>Facsimile: (909) 396-2961<br>bbaird@aqmd.gov | Attorneys for Defendant-Intervenor<br>SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT |
| Jay M. Spillane<br>Ruth M. Moore<br>FOX SPILLANE SHAEFFER LLP<br>1880 Century Park East, Suite 1004<br>Los Angeles, CA 90067-1623<br>Telephone: (310) 229-9300<br>Facsimile: (310) 229-9380<br>rmoore@foxspillane.com | Attorneys for Defendant-Intervenor<br>CITY OF LONG BEACH |
| David Pettit<br>Melissa Lin Perrella<br>NATURAL RESOURCES DEFENSE COUNCIL, INC.<br>1314 Second Street<br>Santa Monica, CA 90401<br>Telephone: (310) 434-2300<br>Facsimile: (310) 434-2399<br>mlinperrella@nrdc.org<br>dpettit@nrdc.org | Attorneys for Defendants-Intervenors<br>NATURAL RESOURCES DEFENSE COUNCIL, INC. and COALITION FOR CLEAN AIR, INC. |

FLYNN, DELICH & WISE
ATTORNEYS AT LAW
One World Trade Center, Suite 1800
Long Beach, California 90831-1800
(562) 435-2626