Kurt R. Wiese, District Counsel, SBN 127251
Barbara B. Baird, Principal Deputy District Counsel, SBN 81507
Michael R. Harris, Sr. Deputy District Counsel, SBN 179544
SOUTH COAST AIR QUALITY
 MANAGEMENT DISTRICT
21865 Copley Drive
Diamond Bar, CA 91765-0940
Telephone: (909) 396-3535
Facsimile: (909) 396-2961
Email: bbaird@aqmd.gov, mharris@aqmd.gov

Attorneys for Intervenor
South Coast Air Quality Management District

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA -- SACRAMENTO

| | |
|---|---|
| PACIFIC MERCHANT SHIPPING ASSOCIATION, a California Mutual Benefit Corporation,<br><br>    Plaintiff,<br>v.<br><br>CATHERINE E. WITHERSPOON, in her official capacity as Executive Officer of the California Air Resources Board,<br><br>    Defendant,<br><br>NATURAL RESOURCES DEFENSE COUNCIL, INC., COALITION FOR CLEAN AIR, INC., SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT, and CITY OF LONG BEACH,<br><br>    Defendants-Intervenors. | Case No. 2:06-CV-02791-WBS-KJM<br><br>**DECLARATION OF HENRY HOGO IN SUPPORT OF THE SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT'S OPPOSITION TO PLAINTIFF PACIFIC MERCHANT ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT**<br><br>Date:     July 9, 2007<br>Time:    2:00 p.m.<br>Judge:   Hon. William B. Shubb<br>Courtroom: 5 |

I, Henry Hogo, declare as follows:

1. I am the Assistant Deputy Executive Officer in the Office of Science and Technology Advancement for the South Coast Air Quality Management District ("District"). I have held this position for almost six years (since October 2001). I know the matters stated in this Declaration of

-1-

DECL. OF HENRY HOGO
Case No. 2:06-CV-02791-WBS-KJM

my own personal knowledge, and could and would competently testify to them if called as a witness herein.

2. Prior to becoming Assistant Deputy Executive Officer, I was employed as Planning Manager for the District for over 10 years. As part of my job responsibilities I managed the development of proposed rules and control measures for mobile sources of air pollution, including motor vehicles, ships and boats, and offroad equipment such as industrial and construction equipment.

3. During the years 1999-2001, I was personally responsible for the development of the District's Fleet Rules, which generally required operations of public and private fleets of 15 or more vehicles to obtain clean alternative fuel vehicles when adding to or replacing vehicles in their fleets. These rules covered light and medium duty vehicles operated by public entities: trash trucks, transit buses, airbus shuttles and taxis, and heavy duty vehicles operated by public entities.

4. As part of my job responsibilities in developing the Fleet Rules, I worked with vehicle manufacturers and vendors to determine the availability of compliant vehicles, and learned what types of changes to vehicle design needed to be made in order to accommodate various alternative fuels.

5. The term "alternative fuel" vehicle as described in the rules generally means a vehicle "that uses compressed or liquefied natural gas, propane, methanol, electricity, fuel cells, or other advanced technologies that do not rely on diesel fuel." *See, e.g.,* Rule 1192(c)(1), Rule 1193(c)(1).

6. Ordinary diesel heavy-duty vehicles cannot use alternative fuels. Manufacturers need to make a different type of vehicle, or modified form of vehicle, to use the alternative fuels specified in the rules.

7. The heavy-duty vehicle fleet rules include an exemption for cases where no compliant alternative-fuel vehicle is commercially available or could be used. *See, e.g.,* Rule 1196(e)(1)(C); Rule 1195(e)(3), Rule 1194(e)(2), Rule 1193(e)(3), Rule 1192(e)(1)(2).

8. Rule 1191, applicable to light and medium duty vehicles, specifies a particular emission standard which the vehicles must meet, based on CARB's existing low-emission vehicle program, such as ULEV, SULEV, or ZEV (ultra-low emission vehicles; super-ultra-low emission

1  vehicle, or zero emission vehicle).

2  I declare under penalty of perjury under the law of the United States of America that the
3  foregoing is true and correct.

4  Executed at Diamond Bar, California, on June 12, 2007.

*[signature]*
Henry Hogo